# Richmond

ROBERT S. HOLLOWAY, EXECUTOR, ETC. V. ELLA R. HOLLOWAY.

February 26, 1940.

Record No. 2169.

Present, All the Justices.

The opinion states the case.

*W. E. Hogg* and *C. M. Hall,* for the appellant.

*R. Nelson Smith* and *Frank A. Kearney,* for the appellee.

BROWNING, J., delivered the opinion of the court.

In this case we are concerned solely with the proper construction of certain by-laws of a fraternal organization known as Yorktown Council, No. 66, Junior Order of American Mechanics.

Robert Abraham Holloway, the appellant's testate, was a member in good standing of this organization for a long number of years and until his death, which occurred on December 21, 1938. On account of his continuous membership the organization, at his death, was due someone some $777.00. Of this amount, $300.00, including a specific sum of $50.00 for funeral expenses and $250.00 for funeral benefits, was paid by the organization to Robert S. Holloway, executor of the deceased member, who is the appellant here.

The by-law under the heading "Article VI, Section 6," is in the following words and figures:

"On the death of a brother in good standing, one dollar ($1.00) for each and every member on the books of this Council shall be paid to his widow or nearest heir within thirty days after said brother's death."

The by-laws which were adopted in 1914 remained in effect until they were amended in 1928, so that Sections 5 and 6 of Article 6 read as follows:

"Sec. 5. On the death of a brother in good standing, $50.00 shall be appropriated to pay his funeral expenses, the said sum to be paid to the brother's widow, or in the event that he is unmarried, the same shall be paid to his nearest heirs, unless otherwise directed by valid will of the deceased; provided, that no death benefits shall be paid, except that the brother shall have been a member for one month and otherwise qualified according to the Constitution and By-Laws, except as provided in succeeding section.

"Sec. 6. On the death of a brother in good standing there shall be appropriated from the funeral benefit fund and paid

as provided in preceding section the following sums based upon the period of membership of the deceased brother, viz.: from 1 to 90 days, $62.50; from 91 to 180 days, $125.-00; from 181 to 270 days, $187.50; from 271 days and over, $250.00."

And Section 2 of Article 5, provides as follows:

"On the death of a member in good standing $1.00 shall be paid by each member, the same to be paid to the brother's widow, or in the event that he is unmarried, the same shall be paid to his nearest heir, or heirs, unless otherwise directed by valid will of the deceased."

After the organization had made the payment referred to, to the appellant, it ascertained that there were conflicting claims to the funds paid and to be paid by it on account of the membership of the deceased member. It then filed a bill of interpleader making the appellant and the appellee, widow of the deceased member, defendants, and asking that the conflicting claimants be required to litigate their respective claims and therewith delivered to the court its certified check in the amount of $477.00, and also asking the court to absolve it from any further liability. The appellee filed her answer to the bill in which she asked not only that the sum of $477.00, represented by the certified check, be paid to her, but also that the appellant be required to turn over to her the sum of $300.00 erroneously paid to him.

The conflicting interests referred to arose from the fact that the member died testate and undertook, by his will, to dispose of his estate, including the death benefits in the fraternal organization referred to. He gave and bequeathed his estate to his wife and six children, to be divided equally among them.

The children were those of the deceased member by a former wife. The children, of whom the appellant was one, claimed under the will. The widow, appellee, claimed under the by-laws, urging that the testator had no legal right to dispose of the death benefits by will. She contended that her rights were absolute and inalienable under the by-laws.

The evidence consisted of a number of exhibits and the testimony of the appellant. The trial court decreed that the appellee, Ella R. Holloway, widow of the deceased, was entitled to the dues and benefits under section 2, Article 5, of the by-laws, subject to a deduction of the sum of $20.00, $10.00 of which represented the costs of the suit incurred by the fraternity and $10.00 of which was allowed to it for preparing the bill of interpleader, and also allowing her the sum of $300.00 for funeral expenses, which sum had been paid to the appellant.

No authorities have been cited to us in either of the briefs.

We are of the opinion that the trial court decided the case correctly. The punctuation found in the by-laws have much we think, to do with their true construction. Largely by force of the commas used, do we say that the words, in section 2 of article 5, "unless otherwise directed by valid will of the deceased," qualify the words "heir, or heirs," and not the remotely anterior word "widow." The manifest purpose of the by-laws is to provide for the consort of the deceased member. She is the object of its tender solicitude. This purpose seems to be accentuated by a by-law provision, which is found in section 10 of Article VI, which is this:

"In the case of the death of the wife of brother in good standing, $40.00 shall be allowed the brother to defray her funeral expenses, the same to be paid from the funds of the Council to the brother immediately after the death of his wife."

In the appellee's brief it is said that the provisions made by the by-laws for the widow are known as the "widow's dollar" or "widow's mite." This would seem to have some significance when it is considered in connection with section 1 of article IV, which provides that "the By-Laws of this Council shall always be construed in their plainest, simplest and most obvious meaning."

We think that the construction of the trial court is in accord with this requirement.

It might be that the wording, phrasing and punctuation of the by-laws cast a doubt as to their significance; that it

is clouded by ambiguity. If this is so, then, we think, that such doubt should be resolved in favor of the widow.

We affirm the decree of the trial court. A decree will be entered accordingly.

*Affirmed.*